UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LEROY KILLIAN,

*Defendant-Appellant.*

No. 02-4199

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-93-74, CR-93-80, CA-96-517)

Submitted: March 5, 2003

Decided: March 28, 2003

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

### COUNSEL

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Robert J.
Conrad, Jr., United States Attorney, Jack M. Knight, Jr., Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Leroy Killian appeals from an amended criminal judgment and 248-month sentence following his guilty plea entered in accordance with a written plea agreement. In November 1993, Killian pled guilty to four counts relating to bank robbery and unlawful use of a firearm in violation of 18 U.S.C. §§ 922(g)(I); 924(c)(1); 2113(d)(2000). Killian's plea agreement contained a provision stating: "The defendant knowingly and expressly waives the right to contest either the conviction or the sentence in any post-conviction proceedings, including, but not limited to, any proceeding under Title 28, United States Code, Section 2255, except with respect to claims of ineffective assistance of counsel or prosecutorial conduct." We therefore grant the Government's motion to dismiss the appeal based upon Killian's waiver of his appellate rights.

Killian's appointed counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues presented on appeal but raising the question whether the district court's failure to produce a transcript of Killian's plea hearing mandated that this Court vacate Killian's guilty plea and remand for another plea hearing. Killian also filed a pro se supplemental brief, raising a similar argument and other issues. The Government filed a response to the *Anders* brief, agreeing that no meritorious issues are presented in Killian's appeal. Six days later, the Government filed a motion to dismiss Killian's appeal, claiming Killian waived his right to appeal in his plea agreement. Killian's counsel filed a response to the motion to dismiss, stating he did not take a position on this issue.

In *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000), this Court held that "a defendant may not appeal his sentence if his plea agreement contains an express and unqualified waiver of the right to appeal, unless that waiver was unknowing or involuntary." *See also United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 1991); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). Killian has presented no evidence that his decision to substantially waive his appellate rights was unknowing or unintelligent. Indeed, when given the opportunity to withdraw his plea at sentencing, he declined to do so.

Thus, Killian's appeal is foreclosed by the appellate waiver he knowingly signed in his plea agreement. The only exceptions to a valid waiver are for claims of ineffective assistance of counsel and prosecutorial misconduct. However, Killian does not raise either of those claims, and we conclude the issues he does assert do not fall within one of the exceptions to Killian's valid waiver of appellate rights.

Accordingly, we grant the Government's motion to dismiss and dismiss Killian's appeal. We deny Killian's motion to strike the Government's motion to dismiss. We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*